# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **MULTIPLAYER NETWORK INNOVATIONS, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**NINTENDO OF AMERICA, INC. and NINTENDO CO., LTD.,**<br><br>*Defendants*. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Multiplayer Network Innovations, LLC ("MNI" or "Plaintiff"), by and through its counsel, for its complaint against Defendants Nintendo of America, Inc. and Nintendo Co., Ltd. (collectively, "Defendants" or "Nintendo"), alleges as follows:

## BACKGROUND

1. MNI holds U.S. Patent No. 5,618,045 (the, "MNI patent" or the, "'045 patent"), a patent invented by Dr. Michael Kagan and Ian Solomon.

2. Dr. Kagan is a noted scholar and inventor. He holds a PhD in chemistry from Hebrew University in Jerusalem and is the author of numerous books and journal articles relating to technology, chemistry, and religion. Dr. Kagan's articles have been published in the journals including Nature and the Journal of Medicinal Chemistry.

3. Dr. Kagan is the inventor of ten United States patents.

4. Ian Solomon is an inventor and entrepreneur who is the co-founder of medical device makers SteadyMed Therapeutics, Inc. and Aespira Ltd.

5. During the mid-1990's, Dr. Kagan and Mr. Solomon conceived of a way for electronic devices to communicate with one another for the playing of computer games.

6.  Dr. Kagan and Mr. Solomon's idea was conceived in part against the backdrop of the conflict in the Middle East. The idea was to use wirelessly connected gaming devices to open up channels of communication between people with divergent views.

7.  Among Dr. Kagan and Mr. Solomon's inventions are inventions relating to the use of a device to enable two or more people to play a game over a wireless network.

8.  Dr. Kagan and Mr. Solomon's inventions have useful applications to fields such as video gaming hardware and software, smartphone hardware and software, and casino gaming hardware and software, among others.

9.  Leading technology companies including Microsoft Corporation, Apple, Inc., Intel Corporation, Google Corporation, and Samsung Electronics Co. Ltd. have cited the MNI patent numerous times.

10. Over 325 issued United States patents cite the MNI patent.

11. Nintendo has recognized Dr. Kagan and Mr. Solomon's inventions, including by citing the MNI patent as prior art in 28 United States patents

12. Plaintiff is the owner by assignment of the MNI patent. The MNI patent is entitled "Interactive Multiple Player Game System and Method of Playing a Game Between at Least Two Players." The MNI patent issued on April 8, 1997, based on a patent application filed on February 8, 1995. A true and correct copy of the MNI patent is attached hereto as Exhibit A.

## PARTIES

13. Plaintiff is a Texas limited liability company.

14. On information and belief, Defendant Nintendo of America Inc. is a Washington corporation, with its principal place of business at 4820 150th Avenue NE, Redmond, Washington 98052. Nintendo USA is a wholly-owned subsidiary of Nintendo Co., Ltd. Nintendo USA is registered to do business in the State of Texas and it may be

served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

15. On information and belief, Defendant, Nintendo Co., Ltd. ("Nintendo Japan") is a Japanese corporation with a regular place of business at 11-1 Kamitoba hokotate-cho, Minami-ku, Kyoto 601-8501 Japan. Nintendo Japan is not registered to do business in the State of Texas. Nintendo Japan may be served with process pursuant to the Hague Convention.

## JURISDICTION AND VENUE

16. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have established minimum contacts with the forum state of Texas. Defendants, directly and/or through third-party intermediaries, make, use, import, offer for sale, and/or sell products within the state of Texas, and particularly within the Eastern District of Texas. Thus, Defendants have purposefully availed themselves of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

18. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendants are subject to personal jurisdiction in this District, have transacted business in this district and have committed acts of patent infringement in this district.

## COUNT I
### (Infringement of U.S. Patent No. 5,618,045)

19. Plaintiff MNI realleges and incorporates by reference paragraphs 1-17 above, as if fully set forth herein.

20. Defendants make, use, sell, and offer for sale in the United States products and/or services for multiplayer gaming. Defendants have infringed and continue to infringe the MNI patent by, among other things, making, using, offering for sale, and/or selling multiple player game systems and/or services covered by one or more claims of the MNI patent. Such products and/or services include, by way of example and without limitation the Nintendo 3DS, Nintendo 3DS XL, Nintendo 2DS, Nintendo DS, and Nintendo Wii U, the use of which are covered by one or more claims of the MNI patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the MNI patent, Defendants have injured MNI and are liable to MNI for infringement of the MNI patent pursuant to 35 U.S.C. § 271(a).

21. Upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2002. Nintendo cited the '045 patent in the following U.S. Patents, which issued in 2002: U.S. Patent Nos. 6,371,854 and 6,500,070. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2003. Nintendo cited the '045 patent in the following U.S. Patent, which was issued in 2003: U.S. Patent No. 6,544,126. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2004. Nintendo cited the '045 patent in the following U.S. Patents, which issued in 2004: U.S. Patent Nos. 6,716,103 and 6,811,487. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2006. Nintendo cited the '045 patent in the following U.S. Patent, which issued in 2006: U.S. Patent No. 7,115,031. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2007. Nintendo cited the '045 patent in the following U.S. Patent, which issued in 2007: U.S. Patent No. 7,275,994. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2009. Nintendo cited the '045 patent in the following U.S. Patents, which issued in 2009: U.S.

Patent Nos. 7,491,123; 7,618,325; and 7,635,305. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2010. Nintendo cited the '045 patent in the following U.S. Patent, which issued in 2010: U.S. Patent No. 7,841,945. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2011. Nintendo cited the '045 patent in the following U.S. Patents, which issued in 2011: U.S. Patent Nos. 7,862,433; 7,901,293; 7,972,216; and 8,002,636. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2012. Nintendo cited the '045 patent in the following U.S. Patents, which issued in 2012: U.S. Patent Nos. 8,246,463; 8,246,469; and 8,262,482. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as 2013. Nintendo cited the '045 patent in the following U.S. Patents, which issued in 2013: U.S. Patent Nos. 8,393,966; 8,433,375; 8,469,817; 8,505,008; 8,562,402; and 8,601,072. Alternatively, upon information and belief, Nintendo had knowledge of the '045 patent since at least as early as April 2014. Nintendo cited the '045 patent in the following U.S. Patents, which issued in April 2014: U.S. Patent Nos. 8,700,478 and 8,708,829.

22. Since at least 2002, Nintendo has been and still is willfully infringing the '045 patent. At least as early as 2002, Nintendo had actual knowledge of the '045 patent. Despite having actual knowledge of the '045 patent, Nintendo has continued to willfully, wantonly, and deliberately infringe the '045 patent. Accordingly, MNI seeks enhanced damages pursuant to 35 U.S.C. § 284 and a finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling MNI to its attorneys' fees and expenses.

23. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '045 patent.

24. As a result of Defendants' infringement of the '045 patent, MNI has suffered monetary damages. MNI seeks an award of damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty

for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief from this Court:

A.  A judgment that Defendants have infringed one or more claims of the '045 patent;

B.  An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

C.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to MNI its reasonable attorneys' fees against Defendants;

D.  A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to MNI, including, without limitation, prejudgment and post-judgment interest; and

E.  Any and all other relief to which MNI may show itself to be entitled.

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Dated:  August 6, 2014            Respectfully submitted,

/s/ Elizabeth L. DeRieux
S. Calvin Capshaw
TX Bar No. 03783900
Elizabeth L. DeRieux
TX Bar No. 05770585
D. Jeffrey Rambin
TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Of Counsel:
Marc A. Fenster,
CA SB No. 181067
Dorian S. Berger
CA SB No. 264424
Daniel P. Hipskind
CA SB No. 266763
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: mfenster@rawklaw.com
E-mail: dberger@raklaw.com
E-mail: dhipskind@raklaw.com

*Attorneys for Plaintiff,*
*Multiplayer Network Innovations, LLC*